**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hemayeth Karim,<br><br>        Plaintiff,<br><br>v.<br><br>American Airlines Incorporated, et al.,<br><br>        Defendants. | No. CV-18-03185-PHX-JGZ (EJM)<br><br>**REPORT AND RECOMMENDATION** |

This is a premises liability and negligent training and supervision action against Defendant American Airlines, Inc. ("American Airlines" or "Defendant") and ten unnamed Defendants brought by Plaintiff Hemayeth Karim. (Doc. 1-1 Ex. A at ¶¶ 33–50). Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. 21). Defendant requests this Court to dismiss the Complaint in its entirety because workers' compensation is Plaintiff's exclusive remedy against Defendant under Arizona law. Plaintiff filed a Response opposing the motion and claims that because he was not an employee of American Airlines, there is a genuine dispute of material fact as to whether workers' compensation was his exclusive avenue for recovery. (Doc. 28). Defendant filed a Reply and argues that even if Plaintiff is not an employee of American Airlines,[1] the Arizona statute still applies because American Airlines provides workers' compensation coverage for all of its wholly owned subsidiaries including Piedmont Airlines, Inc. (Plaintiff's employer) and is self-insured. (Doc. 32).

---

[1] At oral argument, Defendant noted that it had abandoned its argument that Plaintiff was an employee of American Airlines.

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 8). The motion has been fully briefed, and the Court heard oral argument from the parties on August 9, 2019. For the reasons stated below, the Magistrate Judge recommends that the District Court enter an ordering granting Defendant's Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Hemayeth Karim was employed as a ramp agent for Piedmont Airlines at Phoenix Sky Harbor Airport. (Doc. 23 at ¶ 1; Doc. 29 at ¶ 1). Piedmont is a wholly owned subsidiary of Defendant American Airlines. (Doc. 23 at ¶ 2; Doc. 29 at ¶ 2). Piedmont has its own staff, buildings, aircraft, and gates at Sky Harbor, and Plaintiff receives checks from, and monitors his employment-related documents through, Piedmont. (Doc. 29 at ¶¶ 15–17; Doc. 30 Karim Decl. at ¶¶ 5–12).

On or about May 28, 2016, Plaintiff alleges that he was injured when a 10,000-pound Lektro Pushback Tug ran over him and pinned him to the ground "for an extended period of time with tarmac ground temperatures in excess of 125 degrees." (Doc. 29 at ¶ 3). Plaintiff was acting in the scope of his employment for Piedmont and receiving on-the-job training on the tarmac at the time of this incident and had previously received in-class training. (Doc. 23 at ¶ 4–5; Doc. 29 at ¶ 4–5). Plaintiff was acting as the "wing-walker" during the training while a fellow Piedmont employee, Hunter Landvatter, operated the Tug. (Doc. 23 at ¶ 7; Doc. 29 at ¶ 7). Mr. Landvatter lost control of the Tug while steering and collided with Plaintiff. (Doc. 23 at ¶¶ 8–9; Doc. 29 at ¶¶ 8–9). After the incident Plaintiff received workers' compensation benefits. (Doc. 23 at ¶ 12; Doc. 29 at ¶ 12).

Plaintiff originally sued Defendants in Maricopa County Superior Court on May 29, 2018, but the case was removed to the Federal District Court for the District of Arizona on October 5, 2018. (Doc. 1). Defendant American Airlines filed an Answer to Plaintiff's Complaint on October 12, 2018 denying any liability. (Doc. 6). Defendant then filed the present Motion for Summary Judgment on March 1, 2019. (Doc. 21).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In addition, a "genuine" issue means that a reasonable jury could find in favor of the nonmoving party. *Id*. Thus, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The nonmoving party "may not rest upon mere allegations or denials of [the moving party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In evaluating a motion for summary judgment, the Court must make all inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990) (court may not make credibility determinations or weigh conflicting evidence).

## III. ANALYSIS

Arizona's constitution directs its legislature to enact a workers' compensation law that requires employers to compensate employees who are injured or die while acting in the scope of their employment if those injuries or deaths are caused by the employer's negligence. *See* ARIZ. CONST. art. XVIII, § 8. Arizona's workers' compensation statutory scheme, which codified the state constitutional guarantees, provides in relevant part:

> The right to recover compensation . . . for injuries sustained by an employee or for the death of an employee is the *exclusive* remedy against the employer or any co-employee acting in the scope of his employment, and against the

- 3 -

> employer's workers' compensation insurance carrier or administrative service representative, except as provided by § 23-906, and except that if the injury is caused by the employer's wilful misconduct, or in the case of a co-employee by the co-employee's wilful misconduct, and the act causing the injury is the personal act of the employer, or in the case of a co-employee the personal act of the co-employee . . . and the act indicates a wilful disregard of the life, limb or bodily safety of employees, the injured employee may either claim compensation or maintain an action at law for damages against the person or entity alleged to have engaged in the wilful misconduct.

A.R.S. § 23-1022(A) (emphasis added). Therefore, employers are not liable for negligence damages at common law or by statute so long as they have adequately secured workers' compensation, notified employees of the existence of that compensation, and the damages were not a result of willful misconduct. A.R.S. § 23-906(A). However, an employee has the option to reject the workers' compensation scheme and instead maintain his or her right to sue the employer. *Id*. In order to maintain this right, the employee must notify the employer of the intention to do so prior to sustaining any injuries. A.R.S. § 23-906(B)–(C). Any employee who does not notify the employer is presumed to have chosen to take workers' compensation. A.R.S. § 23-906(B). Furthermore, "an employee . . . who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer . . . or against the employer's workers' compensation insurance carrier." A.R.S. § 23-1024(A).

Under Arizona case law, "[i]t is well settled that work-related injury claims are generally redressed exclusively under Arizona's workers' compensation scheme," unless willful misconduct is present.[2] *Gamez v. Brush Wellman, Inc.*, 201 Ariz. 266, 269 (App. 2001). The Federal District Court for the District of Arizona has also persuasively acknowledged the exclusivity of this remedy. *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1159 (D. Ariz. 2016) (granting employer's motion for summary judgment on negligent infliction of emotional distress claim arising out of negligent workplace conduct);

---

[2] Plaintiff has not alleged any willful misconduct on the part of Defendant or Piedmont in this case and therefore this exception to the general preclusion of employer negligence claims does not apply.

- 4 -

*Mosakowski v. PSS World Medical, Inc.*, 329 F. Supp. 2d 1112, 1128–31 (D. Ariz. 2003) (granting defendant's motion for summary judgment in part because the employee was precluded from bringing a tort action based on negligent hiring and negligent retention by Arizona's workers' compensation laws and no exception applied); *House v. Brovitz Group*, 2018 WL 4351247 at *6 (D. Ariz. Sept. 12, 2018) ("[plaintiff] must pursue her remedies through the Arizona's workers' compensation scheme unless an exception to the workers' compensation scheme applies"); *Dumas v. American Intern. Specialty Lines Ins. Co.*, 2009 WL 4269951 at *1 (D. Ariz. Nov. 25, 2009) (underlying wrongful death action was dismissed in state court because plaintiff had accepted workers' compensation); *St. George v. Home Depot U.S.A., Inc.*, 2006 WL 3147661 at *5 (D. Ariz. Nov. 1, 2006) (holding that "because Plaintiff's claims of negligent hiring, supervising and retaining allege that they were injured as a result of negligent workplace conduct, such claims are barred by Arizona's workers' compensation scheme"); *E.E.O.C. v. GLC Restaurants, Inc.*, 2006 WL 3052224 at *7 (D. Ariz. Oct. 6, 2006) (granting in part defendant's motion for summary judgment because plaintiff's negligent employment and retention claim was preempted by Arizona's state workers' compensation laws).

Here, Plaintiff's claims are barred by Arizona's workers' compensation statutes because regardless of Defendant's status as Plaintiff's employer, the statutes still immunize Defendant as the workers' compensation insurance carrier of Piedmont.[3] In *Dugan v. American Express Travel Related Services Co., Inc.*, 185 Ariz. 93, 97 (App. 1995), the Arizona Court of Appeals affirmed the entry of summary judgment in favor of an employer and stated that a trial court does not need to expressly find that the employer has workers' compensation coverage as a prerequisite to an employer's assertion of statutory immunity. The court noted that the burden was on plaintiffs to prove that workers' compensation was not the exclusive remedy available, and that plaintiffs never challenged the employer's insured status at the time of the injury. *Id.* at 98. Therefore,

---

[3] Defendant first made this assertion in its Reply without any documentation supporting it. (Doc. 32). However, to this point, Plaintiff did not ask the Court for leave to file a sur-reply to address this issue. At oral argument, the Court gave Plaintiff one week to file an optional sur-reply, which Plaintiff did not do.

here, without an assertion as to any deficiency of the insurance coverage by Plaintiff, or any requirement for this Court to demand such a showing prior to an entry of summary judgment, the Court assumes that Defendant's assertion is true.[4]

It is undisputed that Plaintiff was acting in the scope of his employment when he was injured at Sky Harbor on May 28, 2016, as he was acting as a "wing-walker" and receiving on-the-job training when he was struck by the Tug. As explained above, A.R.S. § 23-1022(A) provides that workers' compensation is the exclusive remedy for employees injured while acting in the scope of their employment. This applies not only to any tort actions brought against an employer, but also to any brought against co-employees, the employer's workers' compensation insurance carrier, or the employer's administrative service representative. *See id*. There is no allegation here that Plaintiff ever notified his employer or Defendant of an intention to forego workers' compensation prior to sustaining his alleged injuries, and Plaintiff actually did receive workers' compensation after he was injured. Therefore, by failing to maintain his right to sue any of the protected classes of people or entities (employer, co-employee, workers' compensation insurance carrier, or administrative service representative) and by accepting workers' compensation, Plaintiff waived any ability to pursue a common law tort claim. Defendant claims to be self-insured and to provide workers' compensation insurance for all of its wholly owned subsidiaries, including Piedmont. Without any meaningful argument by Plaintiff to dispute this assertion, the Court must find Defendant to be an entity covered by Arizona's workers' compensation scheme and therefore immune from suit.

In sum, Plaintiff's claims for premises liability and negligent supervision and training are barred by Arizona's workers' compensation statutory scheme and Defendant's motion for summary judgment should therefore be granted. Defendant's status as Piedmont's workers' compensation insurance carrier maintains its statutory immunity from suit. Therefore, because Defendant is Piedmont's workers' compensation

---

[4] Defendant also stated at oral argument that the workers' compensation records document that Plaintiff's payments are coming from American Airlines.

insurance provider and Plaintiff never expressly rejected workers' compensation prior to his injury (and in fact received workers' compensation benefits), under Arizona law Plaintiff is barred from filing a private cause of action against Defendant for negligence.

## IV. RECOMMENDATION

Accordingly, the Magistrate Judge RECOMMENDS that the District Court enter an order GRANTING Defendants' Motion for Summary Judgment. (Doc. 21).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 3rd day of September, 2019.

_____
Eric J. Markovich
United States Magistrate Judge